UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MIAMI VALLEY FAIR
HOUSING CENTER INC.

    Plaintiffs,

v.

METRO DEVELOPMENT LLC, *et al.*,

    Defendants.

Case No. 2:16-cv-607
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion in Limine to permit use of Expert Paul Sheriff's report and video at trial or alternatively for additional time to retain a new expert, (ECF No. 107), Plaintiff's Memorandum in Opposition (ECF No. 113), and Defendants' Reply in Support (ECF No. 119.) For the reasons that follow, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**.

### I.

This action arises out of alleged violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601 *et seq*. Plaintiff alleges that Defendants violated and continue to violate the accessibility requirements of the FHAA, thereby discriminating against individuals with disabilities. (Am. Compl. ¶¶ 1–2, ECF No. 48.) Plaintiff bases the discrimination allegations on multifamily dwellings located in and around Columbus including, Northpark Place, Albany Landings, Four Pointe, Remington Woods, Residences at Central Park, the Woods at Perry Lane, and Winchester Park, claiming those dwellings were not designed or constructed in conformity

with the FHAA. (*Id.*)

Discovery in this case closed on December 8, 2017. A month prior to the close of discovery, Defendants' expert witness, Paul Sheriff ("Mr. Sherrif"), unexpectedly passed away. Mr. Sheriff's deposition was scheduled to take place on December 6, 2017. On December 4, 2017, Defendants filed the instant motion requesting permission to use Mr. Sheriff's expert report and video at trial or, alternatively, for additional time to retain a new expert. (Mot. in Limine, ECF No. 107.) Plaintiff opposes use of Mr. Sheriff's report or video, but does not oppose granting Defendants additional time to retain a new expert.

## II.

Defendants assert that Mr. Sherriff's Expert Report and incorporated videos are admissible under the residual hearsay exception, Federal Rule of Evidence 807. Plaintiff opposes admission of Mr. Sheriff's report and video at trial for various reasons – most importantly, because Plaintiff did not have a chance to depose Mr. Sheriff for this case.

The residual hearsay exception under Rule 807 provides that:

> a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception . . . [if]: (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interest of justice.

Fed. R. Evid. 807. Defendants bear the burden of proving that the hearsay fits within Rule 807's residual hearsay exception. *United States v. Kendrick*, 853 F.2d 492, 496 n.3 (6th Cir. 1988) ("the proponent of a hearsay statement bears the burden of proving that the statement fits squarely within a hearsay exception or exclusion.") (citation omitted); *Marcum v. Scioto Cty.*, Case No. 1:10-cv-790, 2014 U.S. Dist. LEXIS 112100, at *32 (S.D. Ohio Aug. 13, 2014). The

2

parties do not dispute that Mr. Sheriff's expert report and videos are hearsay. Defendants, however, contend that the Court should allow use of the report and videos at trial based on the exceptional circumstances surrounding this evidence through the residual hearsay exception. Plaintiff objects to the admission of such evidence, asserting that the report and videos lack the necessary circumstantial guarantee of trustworthiness because they have not been subjected to cross-examination. The Court agrees.

Defendants rely on *Televisa, S.A. de C.V. v. Univision Communications, Inc.*, 635 F. Supp. 2d 1106 (C.D. Cal. 2009) in their argument that "courts have held that a previously prepared expert report is admissible under Evidence Rule 807 where an expert becomes unavailable during the course of litigation." (Mot. in Limine at 4.) In *Televisa*, however, the opposing party had the opportunity to depose the expert on his report. Indeed the court found that "[i]n light of [defendant's] prior opportunity to cross-examine [the expert] during his sworn deposition, there are sufficient guarantees of accuracy and truthfulness here, and the need to cross-examine [the expert] at trial regarding his credentials, methods, and the contents of the Report would probably be superfluous." *Televisa, S.A.*, 635 F. Supp. 2d at 1110.

Defendants argue that although Plaintiff was unable to depose Mr. Sheriff in this case, Plaintiff deposed him in another matter before this Court, *Miami Valley Fair Hous. Ctr., Inc. v. Preferred Real Estate Invs., LLC*, Case No. 2:15-cv-02737 (S.D. Ohio). In *Preferred*, Mr. Sheriff presented a report and video recordings of similar nature to the recordings presented in this matter. Defendants further contend that the video recordings and report are sufficiently trustworthy as Plaintiff was able to depose Mr. Sheriff on his methodology in the *Preferred* deposition. Mr. Sheriff opined and videoed different properties for the *Preferred* litigation. The *Preferred* deposition, therefore, is not a sufficient guarantee of the trustworthiness of the expert

3

report and videos created for this case. Thus Defendants do not meet the first prong of the residual hearsay test. Accordingly, Defendants' request for permission to use the report and videos at trial is **DENIED**.

### III.

Alternatively, Defendants request leave to retain a new expert for trial and Plaintiff does not oppose the request.[1] (Mem. in Opp. at 1, ECF No. 113.) Plaintiff requests that the new expert be limited to the scope of Mr. Sheriff's opinion. Defendants do not object to the new expert being limited in scope to Mr. Sherriff's opinion "that the Subject Properties are usable and accessible by persons with disabilities." (Reply in Support at 19, ECF No. 119.) Defendants request three months from the issuance of this Order to secure an expert and disclose a report and Plaintiff does not object. Accordingly, Defendants' request for leave to retain a new expert is **GRANTED**.

### IV. CONCLUSION

For the reasons discussed above, Defendants' Motion in Limine is **GRANTED IN PART and DENIED IN PART**. Defendants have three months from the issuances of this Order to secure an expert and disclose a report.

**IT IS SO ORDERED.**

\_\_5-29-2018\_\_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] The parties also dispute use of Mr. Sheriff's report and videos at the summary judgment stage. That issue is moot in this case, however, because summary judgment has already been decided.

4