UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CENTRAL OHIO FAIR HOUSING
ASSOCIATION, INC., et al.,

    Plaintiffs,

vs.

METRO DEVELOPMENT LLC, et al.,
    Defendants.

No. 2:16-cv-00607

Chief Judge: Edmund A. Sargus, Jr.
Magistrate Judge: Kimberly Jolson

## JUDGMENT OF DISMISSAL

The claims of Plaintiffs Miami Valley Fair Housing Center, Inc. and Central Ohio Fair Housing Association (collectively, "Plaintiffs") against Defendants Metro Development, LLC; Integrated Partners Development Company, LLC; Oxford Circle Development, LLC; Triangle Properties Development, LLC; Ardent Property Management, Inc.; Albany Landings, LLC; Four Pointe, LLC; Northpark Place, LLC; Remington Woods, LLC; The Monroe House, LLC; The Residences at Central Park, LLC; The Woods at Perry Lane, LLC; and Winchester Park, LLC (collectively, " Metro Defendants")[1], are hereby resolved as follows:

WHEREAS, on June 24, 2016, Plaintiffs brought a lawsuit alleging the Metro Defendants have engaged in a pattern and practice of discrimination against people with disabilities by designing and/or constructing multifamily dwellings and common- and public-use areas associated with those dwellings in such a manner as to deny people with disabilities full access to, and the use of, these facilities in violation of the Fair Housing Amendments Act ("FHAA"),

---

[1] The Plaintiffs and Metro Defendants are referred to collectively as Parties and any one of those Parties as Party.

42 U.S.C. §§ 3604(f)(1), (f)(2), and (f)(3)(C) at Albany Landings, Four Pointe, Northpark Place, Remington Woods, Monroe House, Residences at Central Park, Woods at Perry Lane, and Winchester Park (the "Properties").

WHEREAS, the Metro Defendants deny that they have violated the FHAA or have engaged in any pattern or practice of discriminatory conduct.

Pursuant to the agreement of the Parties, the Parties state, acknowledge and are irrevocably bound as follows:

1. The Metro Defendants developed and constructed the Properties by retaining architects and civil engineers licensed by the State of Ohio. These state licensed professionals created building plans for the construction of the Properties.

2. Upon the completion of the building plans, the Metro Defendants submitted building plans for seven of the eight Properties to the City of Columbus and for the other Property to the City of Gahanna (collectively, the "Cities").

3. For each of those seven Properties ("Columbus Properties"), the City of Columbus issued a building permit stating that, in part, the building was designed "in compliance with...ANSI A117.1." For the Property in the City of Gahanna, the building plan approval stated that the building plans for the Property had been reviewed under A117.1 and "[t]hese plans have been reviewed for compliance with the building and construction codes adopted by this jurisdiction which includes a review for compliance with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and/or the Fair Housing Accessibility Guidelines ("FHAG")."

4. Once the Metro Defendants obtained building permits based upon building plans approved by the Cities, subcontractors began constructing the Properties. During construction,

inspectors from the Cities periodically inspected the as-built conditions of the Properties throughout the different stages of construction to ensure that the Properties were being constructed in accordance with the approved plans.

5. Upon completion of construction, the Cities conducted a final inspection of the Properties. Once approval was achieved, the City of Columbus issued a certificate of occupancy stating, in part, that the as-built construction was built in "compliance with…ANSI A117.1." Similarly, once approval was achieved, the City of Gahanna issued a certificate of occupancy stating that the buildings "conform[ed] to the applicable provisions of the 2011 Edition of the OBC," which incorporates provisions of ANSI A117.

6. Plaintiffs sought to ensure equal opportunity for all people with disabilities; promote equal housing opportunities for people with disabilities; to aid home seekers with disabilities and housing industry groups; provide assistance to disabled victims of discrimination through investigation and litigation of FHAA violations; and eliminate housing inequities for all people with disabilities through enforcement actions.

7. The interests of anyone injured and/or damaged due to alleged violations of the FHAA at the Properties are aligned with the Plaintiffs, and Plaintiffs' interests are aligned with, include, and overlap with the public interest in fair housing as defined, interpreted, and used in *Spann v. Colonial Village, Inc.* 899 F.2d 24, 31 (D.C. Cir. 1990). As such, at all times during the litigation, Plaintiffs have been acting as private attorneys general in a representative capacity for people who have been injured and/or damaged by alleged violations of the FHAA by the Metro Defendants at the Properties directly identified in the First Amended Complaint and indirectly identified in the relief sought by the First Amended Complaint.

8. The Metro Defendants have denied, and continue to deny, the allegations in the First Amended Complaint, contending that the Properties are reasonably accessible to all disabled persons. In fact, in addition to each of the Properties completing the building plan and construction inspection process, the Metro Defendants retained accessibility consultants Paul Sheriff and Mark Wales who both independently expressed opinions that the Properties were reasonably accessible to disabled persons.

9. To the extent there were deficiencies in compliance with federal, state, or local laws at the Properties, which the Metro Defendants deny, the Metro Defendants deny there was any intent to avoid the requirements of federal, state, or local laws and at the time of resolution Plaintiffs did not anticipate pursuing punitive damages claims against the Metro Defendants.

10. Plaintiffs and the Metro Defendants engaged nationally-known accessibility consultants with experience in addressing accessibility issues.

11. Plaintiffs and the Metro Defendants engaged in arm's length negotiations over accessibility regarding the Properties. The Metro Defendants, although under no obligation to do so, may make improvements to the Properties to further enhance the accessibility of the Properties.

12. Plaintiffs and the Metro Defendants have fully and finally resolved this matter, and so hereby stipulate to this Judgment of Dismissal in order to fully and finally resolve the claims raised, or claims that could have been raised, in this litigation.

13. This Order shall be deemed as resolving, once and for all, each and every claim, matter and issue that Plaintiffs alleged, or Plaintiffs could have alleged (including but not limited to the FHAA, Americans with Disabilities Act and any similar federal, state or local accessibility law), in the First Amended Complaint or any other pleading in this action. Accordingly, res

4

judicata and collateral estoppel shall apply to each and every such claim, matter and issue so that Plaintiffs, both directly and indirectly, are forever barred from litigating such claims, matters and issues.

14. Any further legal or administrative action of any kind, except for the enforcement of this Order, instituted by Plaintiffs and/or any individual or entity arising from, based upon, or connected with the alleged failure to design and/or construct the Properties in compliance with the FHAA would be moot.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED by and between Plaintiffs and the Metro Defendants that the above-facts are incorporated into this Order; and that pursuant to Rule 41(a) the above-captioned litigation is hereby dismissed with prejudice with the Parties bearing their own fees and costs. The Parties agree and the Court so Orders that the United States District Court for the Southern District of Ohio shall retain jurisdiction with respect to any dispute between the Parties arising from this Order or any agreement between the Parties and the Parties hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio.

____12-20-2018____  
DATE

_____  
EDMUND A. SARGUS, JR.  
CHIEF UNITED STATED DISTRICT JUDGE

Dated: December 14, 2018

Respectfully submitted,

/s/Stephen M. Dane
Stephen M. Dane (Ohio Bar No. 0013057)
Reed Colfax (admitted *pro hac vice*)
Laura Gaztambide-Arandes (admitted *pro hac vice*)
Alexa T. Milton (admitted *pro hac vice*)

Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
(202) 728-0848 (facsimile)
sdane@relmanlaw.com
rcolfax@relmanlaw.com
larandes@relmanlaw.com
amilton@relmanlaw.com

*Attorneys for Plaintiffs*

/s/Matthew S. Zeiger
Matthew Zeiger (Ohio Bar No. 0075117)
Zachary Sugarman (Ohio Bar No. 0089175)
ZEIGER, TIGGES & LITTLE LLP
3500 Huntington Center
41 S. High Street
Columbus, OH 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
zeigerm@litohio.com
sugarman@litohio.com

*Counsel for the Metro Defendants*